IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SYKRA CURRY, on behalf of herself         CASE NO.
and those similarly situated,

    Plaintiffs,

vs.

VIP KIDZ LLC, and
MARIA A. MANTILLA, individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SYKRA CURRY, on behalf of herself and those similarly situated, sues the Defendants, VIP KIDZ LLC and MARIA A. MANTILLA, and, and allege:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b), and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

4. Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's claims occurred in Palm Beach County, Florida.

## PARTIES

5. Plaintiff, SYKRA CURRY, at all times relevant to this action, was a resident of Palm Beach County, Florida.

6. Defendant VIP KIDZ LLC., at all times relevant to this action, was a Florida limited liability company doing business in Palm Beach County, Florida.

7. Defendant MARIA A. MANTILLA, at all times relevant to this action, was a resident of Palm Beach County, Florida, and was an owner of, and operated VIP KIDZ LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of VIP KIDZ LLC. By virtue of having regularly exercised that authority on behalf of VIP KIDZ LLC., MARIA A. MANTILLA is an employer as defined by 29 U.S.C. § 201, et seq.

8. At all times material to this action, Plaintiff was an "employee" of each Defendant, within the meaning of the FLSA.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every employee mischaracterized as exempt performing duties similar to Plaintiff who worked for Defendants at any time within the past three (3) years within the State of Florida.

10. During Plaintiff's employment, Defendants VIP KIDZ LLC each grossed, earned more than $500,000.00 per year in gross revenue.

11. During Plaintiff's employment with Defendants each employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

12. Therefore, Defendants are enterprises covered by the FLSA and as defined by 29 U.S.C. §203(r) and 203(s).

13. Plaintiff brings this action for herself and all similarly situated employees of Defendants. Plaintiff's Notice of Consent to Join is attached hereto as Exhibit "A".

## FLSA VIOLATIONS

14. Plaintiff was willfully not paid her proper time and a half overtime pay for performing her duties for Defendants in Palm Beach County, Florida.

15. Plaintiff worked for Defendants in this capacity from August 28, 2016 through February 8, 2019 as a Medical Assistant who was an hourly paid, non-exempt employee who provided services for children with special medical needs in the aforesaid enterprise for work weeks longer than forty hours.

16. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff and all similarly situated employees complete overtime compensation for overtime hours worked.

17. During her employment with Defendants, Plaintiff was paid an hourly rate.

18. When Plaintiff worked in excess of forty (40) hours during a pay week, Plaintiff was paid only her straight, regular hourly rate for all hours worked, with no additional compensation for the overtime hours worked.

19. Other similarly situated employees to Plaintiff were also paid identically.

20. These similarly situated employees were also only straight, regular hourly rate for all hours worked, with no additional compensation for the overtime hours worked.

21. Plaintiff and these similarly situated employees regularly worked overtime hours on behalf of Defendants.

22. Defendants have violated the FLSA by failing to pay Plaintiff and these similarly situated employees time and one-half of their respective hourly rates for overtime hours worked.

23. The additional persons who may become plaintiffs in this action are employees who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

24. The records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated employees are in the possession and custody of Defendants.

25. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek, when they knew, or should have known, such was, and is, due.

26. Upon information and belief, Defendants were specifically informed by the Department of Labor that their above-described pay practices were violative of the FLSA, yet Defendants continued said pay practices.

27. Defendants failed to properly disclose or apprise Plaintiff and those similarly situated to of their rights under the FLSA.

28. Defendants did not have a good faith basis for their decision to not pay an overtime rate of pay to Plaintiff and other similarly situated employees for their overtime hours worked.

29. As a direct and proximate result of Defendants' hereinabove described violations of FLSA, Plaintiff, SYKRA CURRY, has had to retain the services of Gary A. Isaacs, P.A. and has agreed to pay same a reasonable attorney's fee.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay complete overtime compensation to Plaintiff and those similarly situated employees, Plaintiff

and those similarly situated employees have suffered damages and have incurred, and continue to incur, reasonable attorneys' fees and costs.

31. As a result of Defendants' lack of a good faith justification for their violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

32. In addition, because Defendants' violation of the FLSA was willful, a three-year statute of limitations is applicable to the claims at issue.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SYKRA CURRY, on behalf of themselves and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, a declaration that Defendants' practices violate the FLSA, trial by jury and any and all further relief that this Court determines to be just and appropriate.

Dated this 12th day of April 2019.

Gary A. Isaacs, P.A.
Attorney for Plaintiff
712 U.S. Highway One, Suite 400
North Palm Beach, Florida 33401
Telephone: (561) 844-3600
Email: gai@fcohenlaw.com

 */s/ Gary A. Isaacs, Esquire*
GARY A. ISAACS, ESQUIRE
Florida Bar No.: 602663

## CONSENT TO JOIN AS PARTY PLAINTIFF

I, SYARA CURRY, hereby give my consent pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this case and to be represented by GARY A. ISAACS, P.A. in this action. I agree to be bound by any settlement or judgment of the Court on this action. I affirm that I am, or was a similarly situated employee for VIP KIDZ LLC that I have not been compensated for overtime for all hours worked in excess of forty (40) hours per work week.

| | |
|---|---|
| Name: | Sykra Curry |
| Address: | 810 El Vedado, West Palm Beach, FL 33405 |
| Telephone No.: | (561) 720-0838 |
| Date of Birth: | XX-XX-88 |
| S.S.N.: | XXX-XX-7320 |

DATED this 12 day of March 2019.

_____
SYKRA CURRY

EXHIBIT "A"